IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


| | | |
|---|---|---|
| ALBERT DUANE MONTOYA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0124 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |


### REPORT AND RECOMMENDATION TO DENY PETITION
### FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner ALBERT DUANE MONTOYA, a state prisoner, has filed with this Court a

petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has filed an

answer opposing petitioner's habeas application.  For the reasons set forth below, it is the opinion

of the undersigned United States Magistrate Judge that petitioner's federal application for a writ of

habeas corpus should be DENIED.


I.
PROCEDURAL BACKGROUND

The Court of Appeals for the Seventh District of Texas summarized the facts of this case on

direct appeal:

> Regina Swaim testified that she was in Ellwood Park in Amarillo to watch a series of
> volleyball games in which her children were participating.  She was seated in the
> bleachers with her daughter Cynthia when she and other spectators noticed
> [petitioner] lying by a tree about 15 feet away.  His penis was exposed and he was

"playing with himself."  She averred that [petitioner] had an erection and was watching two girls practicing on a nearby sidewalk.  She and some others confronted [petitioner] at the scene.

The State's next witness was John Swaim, Regina's husband and Cynthia's father.  He was sitting on the lawn by the bleachers watching volleyball games.  Regina called to him and pointed to a tree.  When he turned to look, he saw [petitioner] "jacking off right behind me" at an estimated distance of ten yards.  [Petitioner] was looking at two nearby girls, one of whom Swaim identified as 16-year-old "Collie."  He averred that he could clearly see [petitioner] stroking his erect penis in view of Cynthia from where she was sitting in the bleachers.  He was one of the spectators who told [petitioner] to stop what he was doing, and he was still there when the police arrived about five minutes later.

Cynthia Swaim testified that she was 15 at the time of the incident.  While she was watching a volleyball game, her sister motioned for her to come to the volleyball court, pointing toward the tree where Cynthia said she saw [petitioner] "playing with his penis."

The State's next witness was Linda Lyons.  Linda testified that Regina told her to look in the area where [petitioner] was located.  She averred that she was about 15 feet from [petitioner] and saw him "masturbating looking at my daughter."  Her daughter was 16-year-old Collie Lyons, one of the girls practicing on the sidewalk near [petitioner].

The State's final witness was Amarillo Police Officer Putnam, who arrested [petitioner].  The officer said that when he arrived, there were several people around [petitioner], who was lying by a tree with his belt and pants unfastened.  It was his opinion that [petitioner] was intoxicated.

[Petitioner] testified that he had been drinking vodka and beer most of the day, had smoked marijuana, and had taken a medication which was similar in its effect to Valium.  In the early evening, he said, he needed to go to the bathroom but found two men engaged in oral sex in the bathroom.  After waiting some time for them to emerge, he decided to urinate where he was.  He swore that he was unaware of any nearby volleyball game and denied that he was exposing himself to gratify his sexual desires.

*Montoya v. State*, No. 07-02-0247-CR, slip op. at 2-4.

On July 11, 2001, petitioner was indicted, in Cause No. 43,981-E, with the third degree

felony offense of indecency with a child by exposure.  The indictment specifically alleged

petitioner:

> [O]n or about the 18th day of June, 2001 . . . did then and there, with intent to arouse and gratify the sexual desire of the [petitioner], intentionally and knowingly expose the [petitioner's] genitals to Cindy Swaim, a child younger than 17 years of age and not the spouse of the said [petitioner], knowing said child was present.

Petitioner, represented by appointed counsel, entered a plea of not guilty to the charges. On April 16, 2002, the trial court found petitioner guilty of the offense of indecency with a child - exposure as charged in the indictment and assessed petitioner's punishment at five (5) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division.

Petitioner, represented by newly appointed appellate counsel, subsequently sought review of his conviction and sentence by the Court of Appeals for the Seventh District of Texas at Amarillo. On February 21, 2003, that state appellate court affirmed the judgment of conviction of the trial court. *Montoya v. State*, No. 07-02-0247-CR. Petitioner filed a pro se petition for discretionary review seeking review of his conviction by the Texas Court of Criminal Appeals. Said petition was refused by that Court on June 4, 2003.

On September 23, 2003, petitioner filed a state application for a writ of habeas corpus wherein he challenged his conviction on the basis that the indictment was invalid, that there was insufficient evidence to support his conviction, that he was denied the effective assistance of counsel, and for violations of "the Rule." *Ex parte Montoya*, No. 56,374-02. On December 10, 2003, the Texas Court of Criminal Appeals denied petitioner's application without written order.

On March 5, 2004, petitioner filed the instant application for federal habeas relief with the United States District Court for the Eastern District, Beaumont Division. On May 17, 2004, petitioner's habeas application was transferred to this Court.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being confined in violation of the Constitution and laws

of the United States because:

1.    The charging instrument in this case, *i.e.*, the indictment, was "invalid" and
      "faulty" because the "complaining witness who testified at the trial's [sic]
      name was different from that in the indictment;"

2.    Petitioner was denied effective assistance of counsel because trial counsel
      "was both inert and incompetent both during the trial itself and in the
      discovery process, only agreeing and disagreeing when she was suppose[d]
      to, not when she had to"; and

3.    The state prosecutor committed prosecutorial misconduct in that he "said
      improper and objectionable remarks during [petitioner's] trial."

III.
STANDARD OF REVIEW

Petitioner may not obtain habeas corpus relief in this Court with respect to any claim

adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable
       application of, clearly established Federal law, as determined by the Supreme
       Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the
       facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Further, all factual determinations made by a state court are presumed to be

correct and such presumption can only be rebutted by clear and convincing evidence presented by

petitioner.  28 U.S.C. § 2254(e).

Here, the state courts heard and adjudicated, on the merits, certain claims petitioner presents

to this Court.  More specifically, the Texas Court of Criminals Appeals denied petitioner's

application for state habeas relief without a written order.  *Ex parte Montoya*, 56,374-02.  The

ruling of the Texas Court of Criminal Appeals constitutes an adjudication of certain of petitioner's claims on the merits. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997). Petitioner's burden is significantly heightened in that petitioner cannot prevail even if it is shown that the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 239 F.3d 683 (5th Cir.), *on rehearing* 286 F.3d 230 (5th Cir. 2002), *cert. denied Neal v. Epps*, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003).

## IV.
## INDICTMENT

Petitioner initially complains the indictment against him was defective because the name of the complainant in the indictment, "Cindy Swaim," was different than the name of the complaining witness who testified at petitioner's trial, "Cynthia Swaim." At petitioner's trial, the witness identified herself as "Cynthia Jo Swaim" and indicated she goes by the name "Cindy." SOF 31-32. The complainant identified in the indictment and the complaining witness who testified at petitioner's trial are the same individual. There was no defect in the indictment and petitioner's claim of a discrepancy in the names is without merit. Moreover, petitioner raised this claim in his state habeas application and such claim was denied. Petitioner has not shown the state court's determination of the issue involved an unreasonable application of clearly established Federal law as determined by the Supreme Court, nor has he shown the state court's decision was based on an unreasonable determination of the facts. Petitioner's first ground should be DENIED.

V.

EFFECTIVENESS OF COUNSEL

Petitioner contends his conviction was obtained in violation of his constitutional right to the effective assistance of counsel.  In order to constitute ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession.  Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight.  *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  A reviewing court's scrutiny of trial counsel's performance is highly differential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance.  *Id.*

The proper standard for judging a petitioner's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland.*  Under the *Strickland* standard, a petitioner must show defense counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution.

A petitioner must also show counsel's deficient performance prejudiced the defense.  To establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial.  Specifically, as set forth in *Creel v. Johnson*, 162 F.3d 385 (5th Cir. 1998), to prove prejudice petitioner must show (1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different, *see id.* at 694, 104 S.Ct. at 2068, and (2) that counsel's deficient performance rendered the trial fundamentally unfair, *see Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993).  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.*, 113 S.Ct. at 844.

A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88, n. 4. (5th Cir.1993). Further, the court need not even consider the deficiency prong if no prejudice has been demonstrated.

In the instant federal habeas application, petitioner contends he was denied effective assistance of counsel because counsel was "inert and incompetent both during the trial itself and in the discovery process, only agreeing and disagreeing when she was suppose[d] to, not when she had to." This claim was not presented to the state courts and, therefore, is unexhausted, procedurally barred, and not subject to federal habeas review. Even if this Court were to consider petitioner's claim, petitioner does not allege in what respect counsel's representation was purportedly deficient, nor does he allege with specificity what additional actions counsel should have taken in her representation of petitioner. Petitioner has failed to allege or demonstrate how he was prejudiced by any action or inaction on counsel's part. This allegation of ineffective assistance of counsel is wholly conclusory, fails to set forth any specifics for review and fails to justify federal habeas corpus relief. Moreover, petitioner has not demonstrated the result of his trial would have been different had counsel performed in a different manner. Further, even if counsel did commit errors, such errors were not so serious as to deprive petitioner of a fair trial, *i.e.*, it does not appear that but for any of counsel's purported failures, petitioner's sentence would have been significantly less harsh. *See Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993).

In a memorandum in support of his habeas application petitioner further argues he was denied effective assistance of counsel because counsel:

1. allowed a prior invalid/void misdemeanor conviction to be used to enhance his sentence;

2. allowed violations of "The Rule" to occur; and

3. did not interview witnesses identified on witness lists prior to trial to determine

their credibility.

The only claim petitioner raised in the state courts was his claim that counsel failed to "adequately challenge a prior conviction."  Consequently, claims 2 and 3 are unexhausted, procedurally barred, and not subject to federal habeas review.  Even so, such claims are conclusory, petitioner having submitted no evidence to show a violation of the Rule occurred or that counsel did not adequately prepare for cross-examination of the witnesses on the State's witness list.  Petitioner's self-serving allegations do not sufficiently establish deficient performance on the part of trial counsel.

In his memorandum, petitioner appears to argue counsel was ineffective because counsel questioned petitioner on the stand about an "indecent exposure charge in Oklahoma which was dropped to a public urination charge."  Petitioner contends this "case was void" and "was the only prior conviction the State had to enhance sentence" and, thus, counsel's raising this prior conviction was deficient.  Counsel did, in fact, question petitioner concerning numerous prior convictions, including a 1986 conviction for indecent exposure out of Kansas (not Oklahoma).  SOF 62-64.[1] Petitioner testified he did not recall that conviction but did recall the facts of the event which led to his conviction, to-wit:  "I was urinating in public and I spent four days in jail."  On cross-examination, petitioner acknowledged he was "booked in" for exposing himself to two 12-year-old girls but explained that was not what he was doing.  On recall, petitioner further testified that to the best of his knowledge, he had never been convicted of a felony.  SOF 80-81.

If, if fact, petitioner is arguing counsel was deficient for failing to challenge the admission of evidence of his prior *Kansas* conviction, petitioner has not alleged with specificity the grounds upon which he contends counsel could have argued the conviction was void.  Consequently, petitioner's claim is conclusory and presents nothing for review.  Petitioner has not demonstrated, in any manner,

---

[1]The State's 37.07 notice included a 1983 burglary conviction, a 1986 DWI conviction, the 1986 indecent exposure conviction, a 1986 criminal mischief conviction, a 1991 burglary conviction, and a 1994 criminal trespass conviction.  Tr. 32.

that counsel was deficient in failing to discover said conviction was void or deficient in failing to

adequately challenge the admission of this prior conviction.  Nor has petitioner demonstrated how he

was harmed by the admission of this conviction considering petitioner's multiple other prior

convictions.  Further, it appears counsel did, in fact, act diligently on petitioner's behalf by raising

petitioner's prior convictions, identified by the State in discovery, in an attempt to downplay said

convictions and diffuse their impact.  Petitioner has not shown counsel's representation was deficient,

that he was prejudiced by said representation, or that the state court's resolution of this claim was

objectively unreasonable.  Petitioner's second ground should be DENIED.

VI.
PROSECUTORIAL MISCONDUCT

By his third ground, petitioner contends his conviction is in violation of the Constitution

because the state prosecutor committed prosecutorial misconduct by making an "improper and

objectionable remark" as petitioner was "leaving the stand."  In his memorandum, petitioner contends

the prosecutor purportedly made a side bar statement to the effect, "We don't know how many times

he has done this before."  The record, however, does not reflect any sidebar remark.  However, in

closing argument at the penalty phase of the bench trial, the prosecutor made the comment:

> Your Honor, probation is for those who seek to improve themselves, who have made a
> mistake and want to move on with their life, that is not the case here.  As the Court has
> heard, this Defendant has been handled for indecent exposure before, somewhat of a
> question as to the facts of the case, but he admits that he has previously been arrested
> for that and was handled for that.  *We don't know how many other incidents that may or
> may not have occurred, that is not before the Court.*

SOF 86-87 (emphasis added).  Defense counsel did not object to the above statement.

Petitioner did not raise this claim on direct appeal or in his state habeas application.

Consequently, this claim is unexhausted and procedurally barred from federal habeas review.

Petitioner appears to argue, in his memorandum, that his failure to exhaust in the state court forums

should be excused because he "was unaware at the time that this was an arguable point."  The Court

finds such a basis does not excuse any failure to exhaust.

There is no evidence of any improper statement made by the prosecutor as petitioner "was

leaving the stand."  To the extent, if any, petitioner is complaining of the statement made by the state

prosecutor in his final argument to the state court, the undersigned notes petitioner's trial was to the

bench.  Therefore, even if the prosecutor's comment is improper, error would not exist.  *See*, *e.g.*,

*United States v. Cardenas*, 9 F.3d 1139, 1155-56 (5th Cir. 1993) (judge at a bench trial is presumed to

disregard inadmissible evidence).  Petitioner's third ground should be DENIED.


VII.
RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the

United States District Judge that the instant Petition for a Writ of Habeas Corpus filed by petitioner

ALBERT DUANE MONTOYA be DENIED.


VIII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation

to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of February 2007.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).